IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| RAHEEM M. WILSON,<br>    Plaintiff,<br><br>v.<br><br>SOUTHEASTERN TRANSPORTATION<br>AUTHORITY OF PENNSYLVANIA,<br>*et al.*,<br>    Defendants. | :<br>:<br>:<br>:  CIVIL ACTION NO. 24-CV-5269<br>:<br>:<br>:<br>:<br>: |

## MEMORANDUM

**BAYLSON, J.**                                                                                   OCTOBER   8, 2024

Plaintiff Raheem M. Wilson filed this civil rights action pursuant to 42 U.S.C. § 1983 against the Southeastern Transportation Authority of Pennsylvania ("SEPTA"), the SEPTA Transit Police Officer Association, and SEPTA Transit Police Officer Whiting. Wilson seeks leave to proceed *in forma pauperis*. For the following reasons, the Court will grant Wilson leave to proceed *in forma pauperis* and dismiss the Complaint.

**I.   FACTUAL ALLEGATIONS**

In a period of two weeks, Wilson has filed nine cases against law enforcement officials, including this one, raising repetitive claims. *See Wilson v. Hope*, Civ. A. No. 24-5060 (E.D. Pa.); *Wilson v. Phila. Family Court District,* Civ. A. No. 24-5144 (E.D. Pa.); *Wilson v. Pindle*, Civ. A. No. 24-5230 (E.D. Pa.); *Wilson v. Martin*, Civ. A. No. 24-5231 (E.D. Pa.); *Wilson v. Pinto*, Civ. A. No. 24-5234 (E.D. Pa.); *Wilson v. Gray*, Civ. A. No. 24-5236 (E.D. Pa.); *Wilson v. Sanchez*, Civ. A. No. 24-5285 (E.D. Pa.); *Wilson v. Fanning*, Civ. A. No. 24-5356 (E.D. Pa.). The Court consolidated Civil Action Numbers 24-5230, 24-5231, 24-5234, 24-5236, and 24-5285 under Civil Action Number 24-5060 and summarily dismissed the complaints in those six

cases as unintelligible in violation of Federal Rule of Civil Procedure 8.  Thus far, Wilson has not pled a clear legal basis for proceeding in any of his cases.

As in certain of his prior cases, *see* Civil Action Number 24-5285, the Complaint in the instant civil action alleges numerous constitutional violations based on Wilson's interaction with SEPTA Transit Police in September 2024.  (Compl. at 3.)  The Complaint suggests that Transit Police Officers asked Wilson to move when he was found sleeping under a train station platform to get away from the cold because he is homeless.  (*Id.* at 3-4.)  Wilson asserts physical injuries in the form of cysts, a wound on his finger, and a stab wound, although it is unclear how, if at all, any of these injuries relate to his interaction with Whiting or any other SEPTA transit officer.  (*Id.* at 5.)  In the section of the form complaint used by Wilson that asks about relief, Wilson includes a host of unrelated allegations claiming, in part, that Philadelphia Police want to kill him because of an invention he created in 2000.  (*Id.*)

## II.   STANDARD OF REVIEW

The Court will grant Wilson leave to proceed *in forma pauperis* because it appears that he is incapable of paying the fees to commence this civil action.  Accordingly, the Court is required to screen Wilson's Complaint pursuant to 28 U.S.C. § 1915(e)(2)(B) and dismiss it if it is frivolous, malicious, fails to state a claim, or seeks relief from an immune defendant.  A complaint is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).  The use of the term "frivolous" in § 1915 "embraces not only the inarguable legal conclusion, but also the fanciful factual allegation." *Id.*  Section 1915 accords judges "the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." *Id.* at 327.  "[A] finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly

incredible[.]" *Denton v. Hernandez*, 504 U.S. 25, 33 (1992).  A claim is legally baseless if it is "based on an indisputably meritless legal theory." *Deutsch v. United States*, 67 F.3d 1080, 1085 (3d Cir. 1995).

To state a claim, a complaint must contain "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted).  "'At this early stage of the litigation,' '[the Court will] accept the facts alleged in [the *pro se*] complaint as true,' 'draw[] all reasonable inferences in [the plaintiff's] favor,' and 'ask only whether [that] complaint, liberally construed, . . . contains facts sufficient to state a plausible [] claim.'" *Shorter v. United States*, 12 F.4th 366, 374 (3d Cir. 2021) (quoting *Perez v. Fenoglio*, 792 F.3d 768, 774, 782 (7th Cir. 2015)), *abrogation on other grounds recognized by Fisher v. Hollingsworth*, 115 F.4th 197 (3d Cir. 2024).  Conclusory allegations do not suffice.  *Iqbal*, 556 U.S. at 678.  The Court will "apply the relevant legal principle even when the complaint has failed to name it." *Vogt v. Wetzel*, 8 F.4th 182, 185 (3d Cir. 2021).  However, "'pro se litigants still must allege sufficient facts in their complaints to support a claim.'" *Id.* (quoting *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013)).  An unrepresented litigant "'cannot flout procedural rules — they must abide by the same rules that apply to all other litigants.'" *Id.*

In that regard, a complaint may be dismissed for failing to comply with Federal Rule of Civil Procedure 8.  *Garrett v. Wexford Health*, 938 F.3d 69, 91 (3d Cir. 2019).  Rule 8 requires a pleading to include a "short and plain statement showing that the pleader is entitled to relief," as well as a statement of the court's jurisdiction and a demand for the relief sought.  Fed. R. Civ. P. 8(a). In determining whether a pleading meets Rule 8's "plain" statement requirement, the Court should "ask whether, liberally construed, a pleading 'identifies discrete defendants and the

actions taken by [the named] defendants' in regard to the plaintiff's claims." *Garrett*, 938 F.3d at 93 (citation omitted). A pleading may still satisfy the "plain" statement requirement "even if it is vague, repetitious, or contains extraneous information" and "even if it does not include every name, date, and location of the incidents at issue." *Id.* at 93-94. The important consideration for the Court is whether, "a pro se complaint's language . . . presents cognizable legal claims to which a defendant can respond on the merits." *Id.* at 94.

### III.   DISCUSSION

Wilson has not alleged a basis for a constitutional claim based on his limited interaction with SEPTA Transit Police. *See generally City of Grants Pass, Oregon v. Johnson*, 144 S. Ct. 2202, 2226 (2024) ("Homelessness is complex. Its causes are many. So may be the public policy responses required to address it. At bottom, the question this case presents is whether the Eighth Amendment grants federal judges primary responsibility for assessing those causes and devising those responses. It does not."). To the extent Wilson asserts additional claims, the factual basis for those claims "is so confused, ambiguous, vague, or otherwise unintelligible that its true substance, if any, is well disguised." *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Further, some of Wilson's allegations, to the extent they can be understood, appear to be grounded in delusional or otherwise factually or legally baseless allegations. In sum, even under the most liberal reading of the Complaint, Wilson has not alleged any plausible basis for a constitutional or other claim against the Defendants.

### IV.   CONCLUSION

For the foregoing reasons, the Court will grant Wilson leave to proceed *in forma pauperis* and dismiss his Complaint. Considering Wilson's recent filing history, the Court concludes that amendment would be futile. Wilson is warned that if he continues to file repetitive and

unintelligible complaints, the Court will consider restricting his ability to file additional lawsuits.

An appropriate Order follows, which dismisses this case.

**BY THE COURT:**

s/ Michael M.Baylson
**MICHAEL M. BAYLSON, J.**